USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
:
:
RAMON FABIAN AND VICTOR VASQUEZ, :
:
Plaintiffs, :   1:18-cv-9096-GHW
:
-v - :   MEMORANDUM OPINION
: AND ORDER
NEW YORK CITY POLICE OFFICER :
MICHAEL A. PAPPALARDO and NEW YORK :
CITY POLICE OFFICER JOHN PAUL LEDDY, :
:
Defendants. :
:
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On July 9, 2015, Plaintiffs Ramon Fabian ("Fabian") and Victor Vasquez ("Vasquez") were pulled from their truck by two police officers and violently handcuffed. As a result of that encounter, Plaintiffs filed this lawsuit, bringing claims under 42 U.S.C. § 1983 ("§ 1983") against New York City police officers Michael A. Pappalardo ("Pappalardo") and John Paul Leddy ("Leddy") for excessive force and denial of medical care.

This is not the first case before this Court arising out of Plaintiffs' encounter with Pappalardo and Leddy. Plaintiffs brought a prior action involving substantially the same claims against the City of New York (the "City") and a number of "John Doe" defendants. While it was apparent that the John Doe defendants named in that complaint were Pappalardo and Leddy, Plaintiffs never amended the complaint to name them, and never served them. After discovery and motion practice, the Court granted the motion for summary judgment brought by the only named and served defendant in the case, the City, because the Plaintiffs had not adduced evidence sufficient to create a material question of fact as to the City's *Monell* liability. *Fabian v. City of New York*, No.

16-CV-5296 (GHW), 2018 WL 2138619, at *6-10 (S.D.N.Y. May 9, 2018).

Eleven days following the Court's decision in *Fabian I*, Plaintiffs brought this case—this time naming the officer who allegedly violated their rights—in the Eastern District of New York. Compl., Dkt. No. 1. The case was subsequently transferred to this district.

Officers Pappalardo and Leddy have moved to dismiss this case—contending that the doctrines of *res judicata* and collateral estoppel preclude this litigation. The officers were never named or served in *Fabian I*, nor were the issues litigated and decided in *Fabian I* identical to the issues to be litigated in this case. Accordingly, for the reasons that follow, neither doctrine applies and Defendants' motion to dismiss is DENIED.

I. BACKGROUND[1]

   A. Factual Backdrop

On July 9, 2015, Plaintiffs were working as drivers of a commercial truck making food deliveries to clients in Manhattan. Compl., Dkt No. 1 ¶ 11. Around 3 a.m., Plaintiffs had just left a delivery at 666 Lexington Avenue and were driving up 3rd Avenue towards 59th St. when they were pulled over by Officers Leddy and Pappalardo. *Id.* ¶ 11.

Defendants pulled Plaintiffs from their truck, threw them from their seats onto the sidewalk, and handcuffed them face down on the sidewalk. *Id.* ¶ 12. Plaintiffs were repeatedly accused of theft. *Id.* ¶ 12. They waited for a period of time in handcuffs, but they were never taken to the police station or charged with any crime. *Id.* ¶¶ 12, 13.

The following day, both Plaintiffs went to the Emergency Room at Montefiore Medical Center. *Id.* ¶ 14. Fabian was treated for chest abrasions and a right knee contusion. *Id.* Vasquez was also treated for chest abrasions, in addition to bilateral knee contusions. *Id.* Despite their

---

[1] The following facts are drawn from the Complaint, accepted as true and viewed in the light most favorable to Plaintiffs. The operative facts alleged in the Complaint are, in all pertinent respects, identical to those in *Fabian I*.

treatment, Plaintiffs continued to experience pain and discomfort for some time after their arrest. *Id.* ¶ 15. In addition to physical pain, Plaintiffs allege that they suffered and continue to suffer emotional trauma, discomfort, humiliation, fear, anxiety, and embarrassment. *Id.* ¶ 17.

### B. Procedural History of *Fabian I*

This is the second case brought by the same Plaintiffs arising out of the July 9, 2015 incident. Plaintiffs filed *Fabian I* on July 5, 2016, bringing claims against the City of New York and "NYPD Police Officers John Does ## 1-__." *Fabian I*, Compl., Dkt. No. 1. The City of New York answered the *Fabian I* complaint on October 31, 2016. *Fabian I*, Dkt. No. 10.

That case was designated for participation in the district's Plan for Certain Section 1983 Cases Against the City of New York pursuant to Rule 83.10 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, formerly known as the "Section 1983 Plan" (the "Plan"). *Fabian I*, WL 2138619 at *3. The Plan required that the parties exchange identified categories of discovery—including the names of the officers—before the parties appeared before the Court. On November 21, 2016, the City served its initial disclosures, in which, the Court understands, Officers Leddy and Pappalardo were named as parties likely to have information regarding Plaintiffs' claims. *Fabian I*, Dkt. No. 23-2. The Court held an initial pretrial conference on January 24, 2017 and issued a case management plan and scheduling order the same day. *Fabian I*, Dkt. No. 17. Amongst other things, that order required that any requests for leave to amend the complaint to add additional parties be filed no later than Feb. 23, 2017. *Id.* ¶ 4. Plaintiffs did not move to amend the complaint to substitute Officers Pappalardo and Leddy for the nominal "John Doe" defendants by that deadline.

Officer Pappalardo was deposed on July 21, 2017, during which he was asked questions about his role in the incident that gave rise to the case. July 21, 2017 Dep. of Michael A. Pappalardo, Dkt. No 25-3 ("Pappalardo Dep."). On July 31, 2017, Officer Leddy was deposed and

3

faced similar questions. July 31, 2017 Dep. of John Paul Leddy, Dkt. No. 25-4 ("Leddy Dep."). After several extensions, discovery closed on September 8, 2017. *Fabian I*, Dkt. No. 30. Despite Plaintiffs' knowledge that Officers Pappalardo and Leddy were the "John Doe" officers described in the *Fabian I* complaint, and despite the fact that Plaintiffs took their depositions during the pendency of *Fabian I*, Plaintiffs never moved to substitute Leddy nor Pappalardo for the John Doe defendants. Nor were they ever served with the complaint in *Fabian I*. *Fabian I*, 2018 WL 2138619 at *4, 10-11.

Following the close of discovery, on December 22, 2017, the City of New York served a motion for summary judgment. *Fabian I*, Dkt. No. 43. On May 9, 2018, the Court granted the City's motion for summary judgment, and dismissed the claims against the John Doe defendants because the individual officers had never been named in the complaint or served. *Fabian I*, 2018 WL 2138619, at *10.

In the interest of clarity, the Court held a telephone conference on May 10, 2018—one day after entry of its summary judgment decision. *Fabian I*, May 10, 2018 Tr., Dkt. No. 73. The Court was concerned about Plaintiffs' counsel's failure to amend the complaint to name the specific officers, and was mindful of the ticking statute of limitations. As a result, the Court commented during the conference that the Court's "decision to not exercise supplemental jurisdiction over [their state law] claims does not mean that the claims are not viable in other courts." *Id.* at 4:20-22. During the call, Plaintiffs' counsel advised the Court that there were "strategic" reasons why he had chosen not to name the officers in *Fabian I*, and that litigation over the alleged conduct was "not done." *Id.* at 3:22-23. Counsel did not explain what those strategic reasons were at the time. The strategy, if not its motivating logic, was revealed when Plaintiffs filed substantially the same claims in this case (naming the individual defendants this time) in a federal courthouse less than two miles from where *Fabian I* was litigated.

4

### C. Procedural History

Plaintiffs commenced this action in the Eastern District of New York on May 21, 2018, eleven days after *Fabian I* was decided. Compl., Dkt. No. 1. In the Complaint, Plaintiffs plead essentially the same facts and circumstances as those alleged in *Fabian I* against the now-named defendant officers, Pappalardo and Leddy. Plaintiffs bring claims arising under § 1983 for use of excessive force, denial of medical care, and deprivation of Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiffs additionally bring state law claims of negligence and negligent infliction of emotional distress. Compl. at 1. The same causes of action were alleged in *Fabian I*, along with additional common law state claims against the John Doe Officers and municipal claims against the City. *Compare* Compl. at 4-7 *with Fabian I*, Dkt. No. 1 at 8-19.

On August 13, 2018, Defendants submitted a pre-motion conference letter as to their then-anticipated motion to dismiss this case, or in the alternative to transfer the case to this district. Defs.' pre-motion lttr., Aug. 13, 2018, Dkt. No. 12 at 1 n.1. The Honorable Pamela K. Chen construed that pre-motion letter as a substantive motion, provided the parties with an opportunity to submit additional briefing, and heard oral argument on the motion. After considering the parties' positions, Judge Chen—noting that Plaintiffs' counsel had admitted to this Court that the choice to not name the officers in the original action was "strategic," that the Eastern District had no connection to the original events, which had occurred in Manhattan, and that Plaintiffs' decision to file this case in the Eastern District constituted "blatant forum shopping"—granted Defendants' motion and transferred the case to this Court. Order, Oct. 2, 2018. On November 14, 2018, Defendants served their motion to dismiss. Defs.' Motion, Dkt. No. 24. On December 12, 2018 Plaintiffs opposed that motion, Opp., Dkt. No. 27, and on December 26, 2018 Defendants served

5

their reply in support of their motion to dismiss. Reply, Dkt. No. 29.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In determining the adequacy of a claim under Rule 12(b)(6), a court is generally limited to "facts stated on the face of the complaint," "documents appended to the complaint or incorporated in the complaint by reference," and "matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). The Court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). Legal conclusions, unlike facts, are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679. A complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555, 557).

**III.     DISCUSSION**

   **A.  *Res judicata* / Claim Preclusion**

For the reasons that follow, Plaintiffs' claims are not barred by *res judicata*. The Second Circuit described the parameters of the doctrine as follows:

> The doctrine of res judicata, or claim preclusion, holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir.1994). "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction of series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *NLRB v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir.1983) (citations omitted).

*Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000).

"A party seeking to invoke claim preclusion must generally make three showings: (i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 237 (2d Cir. 2018) (citing *Monahan*, 214 F.3d. at 285*)*.

There is no dispute that the claims asserted in this case could have been raised in *Fabian I*, nor is there any dispute that *Fabian I* constituted an adjudication on the merits. However, because Officers Pappalardo and Leddy were not parties in *Fabian I* and because they are not in privity with the City for the purposes of this analysis, Plaintiffs' claims are not precluded.

Officers Pappalardo and Leddy were not parties to *Fabian I*. There is no dispute that the "John Doe" defendants named in *Fabian I* were placeholders for Officers Pappalardo and Leddy. Nor is there any question that but for Plaintiffs' counsel's "strategic" decision, Plaintiffs could have requested that the complaint in *Fabian I* be amended to replace the John Doe defendants with the two officers. Nonetheless, the officers were never parties to *Fabian I*. *See Aslanidis v. U.S. Lines, Inc.*,

7

7 F.3d 1067, 1075 (2d Cir. 1993) ("replacing a 'John Doe' with a named party in effect constitutes a change in the party sued"). Given that they were never named in *Fabian I*, they were, naturally, never served with the action. Indeed, this Court expressly held in *Fabian I* that the City was the only defendant in *Fabian I*. 2018 WL 2138619, at *4 ("[T]he City of New York is the only defendant in this matter"). Accordingly, Officers Pappalardo and Leddy were not parties to *Fabian I*.

Since they were not parties in the original action, Plaintiffs' claims are not barred by *res judicata* unless Officers Pappalardo and Leddy are considered to have been in privity with the City for the purposes of this analysis. Privity, in the context of *res judicata*, "bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-368 (2d Cir. 1995). "'Government officials sued in their official capacities are generally considered to be in privity with the government entity that they serve.'" *Smith v. City of New York*, 130 F. Supp. 3d. 819, 828 (S.D.N.Y 2015) (quoting *Johnson v. Cty. of Nassau*, 480 F.Supp.2d 581, 607 (E.D.N.Y.2007), *aff'd* 664 F. App'x 45 (2d Cir. 2016)). A prior judgment in favor of a government will generally bar actions against officials of the government in their official capacity for the same claim. *Peros v. Castano*, No. 01-cv-4457, 2002 WL 603042, at *3 (E.D.N.Y. Mar. 22, 2002).

The same is not true for government officials sued in their individual capacities, as is the case here in this § 1983 action. *See Id.* at *3-4 (allowing claims against a police officer in his individual capacity to continue while dismissing claims against the officer in his official capacity). Here, because each of the officers is sued in his individual capacity, *see Kentucky v. Graham*, 473 U.S. 159, 168 (1985), rather than his official capacity, they are not in privity with the City. 18A C. Wright & A. Miller, Federal Practice and Procedure § 4458, (3d ed. 1998) ("The relationships between a government and its officials justify preclusion only as to litigation undertaken in an official capacity.

Thus a judgment against a government or one government official does not bind a different official in subsequent litigation that asserts a personal liability against the official"); *see Patton v. Dumpson*, 498 F.Supp. 933, 943 (S.D.N.Y. 1980) ("'[A] judgment for or against a municipal corporation is binding and conclusive on an officer thereof, except with respect to his private or individual rights or interests."); *Stancuna v. Sherman*, 563 F. Supp. 2d 349, 351-354 (D. Conn. 2008) (allowing a § 1983 claim against a town property assessor to proceed after summary judgment was granted for defendant Town and mayor in a prior action regarding the same underlying facts).[2] Accordingly, the Court concludes that because Officers Pappalardo and Leddy are sued in their individual capacities, they not in privity with the City for the purposes of this analysis.[3]

Because Defendants have failed to establish the privity element of *res judicata*,[4] *res judicata*

---

[2] While the Second Circuit has not yet clarified whether a government employee sued in his or her individual capacity is in privity with his or her government employer for the purpose of *res judicata*, several other circuits have concluded there is no privity in such circumstances. *Stancuna*, 563 F. Supp. at 353 (D. Conn. 2008) (collecting cases). The Court further notes that Circuit Judges Jacobs, Cabranes, Raggi, Livingston, and Droney cited *Stancuna*'s finding regarding privity favorably in *Poventud v. New York*, 750 F.3d. 121, 157 (2d Cir. 2014) (en banc decision) (Jacobs, J., dissenting).

[3] Defendants' counterarguments are unavailing. In an attempt to manufacture privity, Defendants assert that the City is statutorily required to indemnify officers acting within the scope of their employment. Gen. Mun. L. § 50-k(3). However, that statute is not enough to establish privity. Defendants cite no law for the proposition that this statute creates privity here. Instead, they rely on the logical proposition that as Defendants' alleged misconduct took place during the course of their employment, the City is necessarily in privity with them. Gen. Mun. L. § 50-k(3) provides, *inter alia*, that the City shall indemnify employees when they are "not in violation of any rule or regulation of [their] agency at the time the alleged damages were sustained." *Id.* The Court notes that, assuming *arguendo* the culpability of the Defendants, it may be the case that the alleged conduct violated a rule or regulation of the New York Police Department. Accordingly, the Court cannot conclude that Gen. Mun. L. § 50-k(3) necessarily is applicable here, much less that it is sufficient to generate privity for the purpose of this analysis.

The Defendants also assert that representation by Corporation Counsel for the City of New York demonstrates privity. However, the choice by Corporation Counsel to defend the officers is not sufficient to establish privity. *See Doctor's Associates, Inc., v. Reinert & Duree, P.C.*, 191 F. 3d 297, 304 (2d Cir. 1999) ("The fact that the nonparty appellants and the federal defendants shared the same interests and attorneys 'created no special representational relationship between [them].'") (quoting *South Cent. Bell Tel. Co. v. Alabama*, 526 U.S, 160, 161 (1999)).

[4] The cases cited by Defendants to support a finding of privity are inapposite here. For example, in *Sweeper v. Tavarra*, the court held that doctors working for the Department of Corrections were in privity with the City of New York for the purposes of a § 1983 action. No. 8-cv-6372-HB, 2009 WL 2999702 (S.D.N.Y. Sept. 21, 2009). In that case, however, the court explained that "[p]rivity may . . . be found where the claims in the prior action and the subsequent action are identical, the same witnesses, facts and legal theories are involved, and the first action did not involve any defense unique to those parties." *Id.* at *4. Plaintiffs' theory of the case in *Fabian I* was that the City was liable under *Monell* "because the City failed to properly train, instruct, and discipline officers and repeatedly failed to enforce NYPD rules and regulations." *Fabian I*, 2018 WL 2138619, at *6. The Court's ruling was limited to that issue. *Id.* at 5-11. Accordingly, *Sweeper* is inapposite here.

does not preclude the claims against them in this case.

### B. Collateral Estoppel / Issue Preclusion

Plaintiffs' claims are not barred by the doctrine of issue preclusion because identical issues were not litigated and decided in *Fabian I,* and the Court was not required to resolve the issues presented in this case in order to decide *Fabian I*. "Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). "Under federal law, collateral estoppel applies when '(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.'" *Purdy v. Zeldes*, 337 F.3d. 253, 258 (2d. Cir. 2002) (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 91 (2d Cir. 1997)).

The sole issue presented to the Court in its summary judgment decision in *Fabian I* related to the City's direct liability under § 1983 for the actions of its then-John Doe employees. "To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). The Court concluded that the plaintiffs in *Fabian I* had failed to present sufficient evidence to support their claim that the City had engaged in an unconstitutional policy or custom that resulted in a denial of their constitutional rights. *Fabian I*, 2018 WL 2138619, at *5-10. The Court did not reach the question of whether the evidence supported a claim that the John Doe defendants had violated Plaintiffs' rights. *Id.* at * 6 (observing that "the Court need not determine whether Plaintiffs have demonstrated that a dispute of fact exists with respect to the alleged constitutional violations. This is because Plaintiffs present

no evidence of a formal policy or a pattern or practice of excessive force and denial of medical care by the New York City Police Department . . . such that the City could be held liable in this case under *Monell*").[5]

For the reasons described above, it was not necessary to resolve the issues presented in this case in *Fabian I*—and the Court's prior decision did not resolve those issues. Accordingly, issue preclusion does not bar Plaintiffs' claims against Defendants in this case.

## IV. CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss is DENIED.[6]

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 24.

SO ORDERED.

Dated: July 20, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[5] While the Court dismissed the claims against the John Doe defendants in *Fabian I*, that dismissal has no impact on this analysis. Indeed, the Court stated that, to dismiss the claims against the John Doe defendants, the Court "only must decide whether it would grant leave to amend the complaint at this stage to identify the Doe defendants or close this case." *Id.* at *10. Resolution of the underlying claim was not necessary for that decision.

[6] Without taking a position on the issue, the Court notes that Plaintiffs' strategic decision to file this case in the Eastern District of New York, rather than amend the *Fabian I* complaint to include the individual defendants, could be construed as a violation of the Court's Case Management Plan and Scheduling Order in *Fabian I*, which required, *inter alia*, that any requests for leave to amend the complaint to add additional parties be filed no later than Feb. 23, 2017. *Fabian I*, Dkt. No. 17 ¶ 4. It might also be viewed as an end-around of the Court's decision not to permit leave to amend the complaint as articulated in the Court's *Fabian I* summary judgment decision. However, Defendants have not raised this issue and the Court declines to raise it on its own initiative.